**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| Insun Kim, ) | Civil Action No. 2:17-2027-RMG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Progressive Northern Insurance Company, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge, recommending that this action be summarily dismissed with prejudice and without service of process. For the reasons set forth below, the Court adopts the Report and Recommendation, and dismisses this action with prejudice and without service of process. Further, the Court permanently enjoins Plaintiff from filing any future federal action asserting the claims raised in the present action.

**I.    Background**

Plaintiff Insun Kim alleges Defendant Progressive Northern Insurance Company ("Progressive") failed to pay damages resulting from an automobile accident on September 7, 2014. Plaintiff alleges she suffered personal injuries because of the actions of another driver whom Progressive insured, yet Progressive refused to settle her claims. Plaintiff previously brought this same claim in the Charleston County Court of Common Pleas, which granted Progressive's motion to dismiss on July 14, 2016. *Kim v. Progressive N. Ins. Co.*, 2016-CP-100674 (S.C.C.P. July 14, 2016) (judgment filed the following day). Plaintiff filed a federal action the next morning, asserting claims for breach of contract, bad faith refusal to pay benefits under an insurance policy, negligence, and gross negligence, which the Court dismissed on *res judicata* grounds on

-1-

September 23, 2016. *Kim v. Progressive N. Ins. Co.*, Civ. No. 2:16-2561-RMG, 2016 WL 5346938 (D.S.C. Sept 23, 2016). On September 28, 2016, Plaintiff emailed the Court stating that she would "not accept" the judgment of the Court and that "I will re file also that I can get my compensation." Letter, Civ. No. 2:16-2561-RMG, Dkt. No. 23. As promised, on October 14, 2016, Plaintiff refiled the same claim against the same Defendant. That action was also dismissed with prejudice as barred by *res judicata*. *Kim v. Progressive N. Ins. Co.*, Civ. No. 2:16-3397-RMC, 2017 WL 773546 (D.S.C. Feb. 27, 2017). Plaintiff was admonished "that any future attempt to refile this claim in federal court may result in a pre-filing injunction under 28 U.S.C. § 1651(a)." *Id.* at *1.

On July 7, 2017, the Court entered a final order affirming the final decision of the Commissioner of Social Security wherein Plaintiff was denied disability benefits. *Kim v. Comm'n Soc. Sec. Admin.*, Civ. No. 9:16-823-BM (D.S.C. July 7, 2017). On August 2, 2017, shortly after Plaintiff's claim for disability benefits was denied, Plaintiff once again refiled her thrice-dismissed claim arising from the automobile accident on September 7, 2014. On November 17, 2017, the Magistrate Judge recommended summary dismissal with prejudice. Plaintiff timely objected to the Report and Recommendation, arguing that her "lawsuit case was poorly treated in terms of dismissing the lawsuit case repeatedly with prejudice." (Dkt. No. 11.)

## II.    **Legal Standard**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

When a proper objection is made to a particular issue, "a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate." *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992). However, "[t]he district court's decision whether to consider additional evidence is committed to its discretion, and any refusal will be reviewed for abuse." *Doe v. Chao*, 306 F.3d 170, 183 & n.9 (4th Cir. 2002). "[A]ttempts to introduce new evidence after the magistrate judge has acted are disfavored," though the district court may allow it "when a party offers sufficient reasons for so doing." *Caldwell v. Jackson*, 831 F. Supp. 2d 911, 914 (M.D.N.C. 2010) (listing cases).

### III.   **Discussion**

Plaintiff admits this action is a duplicate of her previous actions that were dismissed with prejudice because they were attempts to obtain a different result than she obtained in state court. Plaintiff admitted that she filed her second federal action because she was unwilling to abide the previous judgment of this Court. Letter, Civ. No. 2:16-2561-RMG, Dkt. No. 23. The Court previously explained to Plaintiff that her claim was litigated in state court and that this Court will not give her a different result no matter how many times she files this same claim. The Court also previously admonished Plaintiff that future attempts to refile this claim in federal court would result in a pre-filing injunction under 28 U.S.C. § 1651(a).

Nonetheless, Plaintiff has refiled the claim. Plaintiffs claim was previously dismissed with prejudice three times—once in state court and twice in federal court. Plaintiff has now filed the same claim for a fourth time.

"In determining whether a prefiling injunction is substantively warranted, a court must weigh all the relevant circumstances, including (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on

the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions." *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 818 (4th Cir. 2004). Here, Plaintiff's history of filing four duplicative actions shows a history of vexatious litigation. Plaintiff has no good faith basis for repeatedly refiling a claim that has been dismissed with prejudice. Plaintiff's frivolous filings have imposed a substantial burden on the Court. Plaintiff has candidly stated her intention to refile this claim until she obtains a result she likes. Thus, there are no adequate sanctions other than a prefiling injunction. Finally, a prefiling injunction limited only to claims previously dismissed with prejudice is narrowly tailored to Plaintiff's vexatious behavior.

The Court therefore finds that Plaintiff Insun Kim is a vexatious litigant and, accordingly, Plaintiff Insun Kim is hereby enjoined permanently from filing any federal action that asserts claims against Progressive Northern Insurance Company, or its affiliates, assignees, or successors, relating to an automobile accident on September 7, 2014.

## IV.    Conclusion

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation (Dkt. No. 9) of the Magistrate Judge as the Order of the Court. The complaint is **DISMISSED WITH PREJUDICE** and without service of process, except that the Clerk is directed to mail this Order to

Progressive Northern Insurance Company
c/o CT Corporation System
301 S. Bedford Street
Suite 1
Madison, WI 53703

The Court further **ENJOINS** Plaintiff Insun Kim from filing any federal action that asserts claims against Progressive Northern Insurance Company, or its affiliates, assignees, or successors, relating to an automobile accident on September 7, 2014.

**AND IT IS SO ORDERED.**

_____

Richard Mark Gergel
United States District Court Judge

November 29, 2017
Charleston, South Carolina